IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID DERRYBERRY,<br><br>Defendant. | CR 11-15-M-DWM-TJC-2<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 182.)

On December 8, 2022, the Court conducted the final revocation hearing. Defendant admitted Violations No. 1 and 2, and the United States moved to dismiss Violation No. 3. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 8 months imprisonment followed by 18 months of supervised release.

**I.     Background**

In 2011, Defendant pled guilty to the offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. (Doc. 39.) On February 27, 2012, the Court sentenced him to 96 months imprisonment, to be

1

followed by 5 years supervised release. (Doc. 71.) On April 6, 2015, Defendant's sentence was reduced to 92 months. (Doc. 86.)

Defendant began serving his original term of supervised release on January 24, 2019.

On April 11, 2019, Defendant's supervised release was revoked, and he was sentenced to approximately 2 months imprisonment, followed by 58 months supervised release. (Doc. 114.)

On June 18, 2019, Defendant's supervised release was revoked again, and he was sentenced to 12 months imprisonment, followed by 46 months supervised release. (Doc. 133.)

On October 7, 2021, Defendant's supervised release was revoked a third time, and he was sentenced to 4 months imprisonment, followed by 42 months supervised release. (Doc. 157.)

On April 7, 2022, Defendant's supervised release was revoked a fourth time, and he was sentenced to 8 months imprisonment, followed by 30 months supervised release. (Doc. 174.)

Defendant began his current period of supervised release on November 18, 2022.

On November 22, 2022, the United States Probation Office filed the petition now at issue. (Doc. 176.) The petition alleges that Defendant violated three

conditions of supervised release, providing a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 175.)

On November 23, 2022, Defendant made an initial appearance. (Doc. 177.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*)

## II.    **Final Revocation Hearing**

Defendant appeared at the revocation hearing on December 8, 2022. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to imposition of his sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition, except for Violation No. 3. Thereafter, the United States moved to dismiss Violation No. 3.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class B felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 8-14 months incarceration. Defendant

could be sentenced to as much as 30 months supervised release, less any incarceration time imposed.

Defendant's counsel requested a sentence of 6 months incarceration, with no additional supervised release. The United States requested a sentence at the high end of the guidelines, with no additional supervised release.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 8 months imprisonment, followed by 18 months supervised release.

A sentence of incarceration is necessary to promote respect for the law and compliance with the Court's orders. Defendant has a history of repeated violations of the conditions of his supervised release imposed by the Court, and in this instance, violated the conditions of his supervised release almost immediately upon his discharge from custody. A term of custody will also hopefully deter future violations of the conditions of his supervised release. But a sentence at the low end of the recommended guideline range is sufficient, but not greater than necessary, to reflect the seriousness of the violations and provide just punishment for Defendant's conduct. No circumstances warrant a departure from the guideline range.

Neither Defendant nor the United States advocated for a term of supervised release to follow Defendant's term of imprisonment. But Defendant did acknowledge his need for treatment to address his addiction, and a term of supervised release would provide for a period of supervision to ensure Defendant obtains necessary treatment and to supervise Defendant's reentry into the community. A term of supervised release is, therefore, necessary to protect the public and provide Defendant with needed treatment. A term of 18 months of supervised release is sufficient to allow for Defendant's completion of inpatient treatment, and a term in a Residential Reentry Center as previously ordered by Judge Molloy.

## IV.  Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was again advised that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Molloy prior to the final imposition of his sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.   Defendant violated the mandatory conditions that he refrain from any unlawful use of a controlled substance, submit to drug testing following release

from imprisonment, and not unlawfully possess a controlled substance, as alleged in Violations No. 1 and 2 in the Petition. (Doc. 176.)

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 8 months imprisonment, followed by an 18-month term of supervised release.

2. The Court should impose the following Special Conditions of Supervision:

    a. You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale. You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy.

    b. You must participate in and successfully complete a program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

    c. You must participate in substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 18 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

      d.      You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

      e.      You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

      f.      You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer, or by any law enforcement officer upon the express direction of the probation officer, with reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors, that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

      g.      You must participate in a program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

      h.      Upon release from custody, you must directly enter and successfully complete a residential treatment facility program for your addiction. You must remain in that treatment facility until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

      i.      Following your inpatient treatment, you must reside in a Residential Reentry Center under contract to the United States Bureau of Prisons, in the prerelease component, for a period of six months. You must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Molloy, and may waive the right to appear and allocute before Judge Molloy.

DATED this 9th day of December, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge