IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11–15–M–DWM–2 |
| Plaintiff, | |
| vs. | ORDER |
| DAVID DERRYBERRY, | |
| Defendant. | |

On December 9, 2022, United States Magistrate Judge Timothy J. Cavan entered Findings and Recommendations with respect to the disposition of the revocation proceedings stemming from the November 22, 2022 petition for revocation of Defendant David Derryberry's supervised release. (Doc. 186.) The petition alleged three violations: (1) use of and (2) possession of methamphetamine and (3) the failure to report for inpatient treatment. (*See* Doc. 176.) At the final revocation hearing on December 8, 2022, Derryberry admitted to the first two violations and the third violation was dismissed on the government's motion. (*See* Doc. 186 at 3.) Based on the admitted violations, Judge Cavan recommended that supervised release be revoked and that this Court sentence Derryberry to 8 months of custody followed by 18 months of supervised release. (*Id.* at 4.)

On December 19, 2022, Derryberry objected to Judge Cavan's recommended sentence and invoked his right to allocute before the undersigned. (Doc. 187.) Accordingly, a hearing was held on January 10, 2023, during which the parties discussed the procedural posture of the case, counsel were given the opportunity to speak, and Derryberry allocuted. (*See* Min. Entry, Doc. 191.) This Order follows.

## ANALYSIS

### I. Objections

As provided for by rule and statute, the revocation of a term of supervised release may be referred to a magistrate judge on findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). A party then has fourteen days to "file specific written objections to the proposed findings and recommendations." *See id.* If no objections are filed, this Court reviews the findings and recommendations for clear error. *Thomas v. Arn*, 474 U.S. 140, 154 (1958). If a party objects, the specific findings and/or recommendations objected to are reviewed de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court may then "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." *See id.*

Thus, the first issue that must be resolved here is what, exactly, Derryberry objects to. His notice of objection states that he "objects to the recommended

sentence." (Doc. 187.) This would therefore indicate that only Judge Cavan's sentencing recommendation is subject to de novo review. However, Derryberry submitted a letter[1] to the Court prior to the January 10, 2023 hearing that appears to contest the factual basis for his violative conduct. (*See* Doc. 190-1.) Ultimately, given the narrow terms of Derryberry's objections and his admissions before Judge Cavan, Judge Cavan's findings are reviewed for clear error. (*See* Doc. 186.) Because no such error exists here and Derryberry's sworn admissions provide a factual basis for the first two violations alleged in the Petition, his supervised release is revoked.

**II.     Sentencing**

Because Derryberry's sentence is reviewed de novo, the appropriate sentence in this case is considered anew. For the reasons stated in open court at the January 10, 2023 hearing, a Guideline sentence with no supervision to follow is appropriate here based on the breach of trust and risk to the community. Notably, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense may not be considered on revocation. *See* 18 U.S.C. §§ 3553(a)(2)(A), 3583(e); *United States*

---

[1] Because this letter was filed in the public docket prior to the hearing, it will not be sealed.

3

*v. Miqbel*, 444 F.3d 1173, 1181–82 (9th Cir. 2006). Those factors were not considered here.

With a Grade C violation and a criminal history category of VI, the applicable guideline range is 8 to 14 months. Derryberry is sentenced to 12 months with no term of supervision to follow.

## CONCLUSION

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 186) is ADOPTED IN PART and REJECTED IN PART as outlined above.

IT IS FURTHER ORDERED that Violation No. 3 is DISMISSED and Defendant's supervised release is REVOKED. Judgment will be entered by separate document.

DATED this 10th day of January, 2023.

Donald W. Molloy, District Judge
United States District Court